UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CYNTHIA M. ERICKSON,** | Civ. No. 19-12916 (KM) (MAH) |
| Plaintiff, | |
| v. | **OPINION** |
| **CITY OF NEWARK, SHB LLC, CITY OF NEWARK POLICE** | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Cynthia Erickson, filed this action against the City of Newark, Department of Water and Sewer; SHB LLC; and the City of Newark Police. [1] (Compl. 1) For the reasons explained below, the Complaint in this matter (DE 1) will be dismissed on *in forma pauperis* ("IFP") screening for failure to state a claim, without prejudice.

### I.     Summary

Erickson filed the Complaint on May 24, 2019. (DE 1) On June 11, 2019, the Court granted Erickson's application to proceed IFP without payment of fees under 28 U.S.C. § 1915. (DE 2) Summonses were issued as to all defendants on the same date. (DE 4) On June 24, 2019, the Court stayed the service of summons pending an initial screening under 28 U.S.C. § 1915A. (DE 4)

---

[1]     Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint

1

## II.     Discussion

Because the Court has granted IFP status, I am obligated to screen the allegations of the Complaint to determine whether it

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna*, No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

This Complaint fails to state an intelligible claim. It cites no case, statute, or regulation on which it is based. The factual allegations are fragmentary and, in many ways, incomprehensible.

Plaintiff contends that the Complaint is within the Court's jurisdiction in part because Ms. Erickson is a United States Government Plaintiff. (Compl. 2) In support, Erickson submits that she is a "federally protected witness FBI New Orleans." (Compl. 2)

> I am a federally protected witness FBI New Orleans [margin note: 5048163070-3000] & Congressman/Senator Vitter's office & environment intimidation victim for 19 years – client [illegible] for Perry Sanders [margin note: 2000 – now 7196301556 3374360031], John Crochete & Brent Chism [margin note: 318396876 see LA bar] [margin note: See Linkedin page]

(Compl. 2) This language is very difficult to interpret. But in any event, status as a "federally protected witness" does not mean that a person sues in the name of the U.S. government.

Erickson also alleges that the Complaint raises a federal question. These allegations, largely incomprehensible, concern inhospitable living conditions. It seems that Erickson moved to New Jersey from New Orleans, entered into a lease on November 1, 2018, and moved into an apartment on December 15, 2018. (Compl. 3) Upon moving, Erickson alleges that she experiences adverse living conditions such as "[lack of] heat, water dripping, [and] mice/rats in walls." (Compl. 3) Erickson also alleges that on February 5, 2018, she experienced the first of many "breakin[s]." (Compl. 3) From what can be gleaned from the handwritten Complaint, Erickson alleges that her landlord refused to repair her apartment. (Compl. 3) Erickson also alleges she suffered various infirmities, and was hospitalized five times, due to the lack of heat in her apartment. (Compl. 5)

Erickson also alleges that the Newark Police Department failed to promptly investigate her reports of breaking and entering. (Compl. 4 ("Breakins tarted 2/5 why did it take until 2/23 for police to take fingerprints & reports???"))[2]

I have given this pro se plaintiff's pleadings a liberal construction. Even so, this Complaint does not set forth a short and plain statement of this Court's jurisdiction or of facts setting forth a cognizable federal cause of action against the defendants. *See* Fed. R. Civ. P. 8(a).

First, the Complaint includes no reference to any federal law that defendants conduct allegedly violated. To the extent a liberal reading of Erickson's Complaint alleges a claim under 42 U.S.C. § 1983 for the Newark

---

[2] Erickson requests the following relief: that the Court (1) terminate her lease; (2) order defendants to pay all hospital and medical bills; (3) enter charges for gross negligence and "attempted manslaughter/murder"; and (4) impose mental and emotional distress damages. (Compl. 5) These prayers for relief contain no further basis for finding a federal-law cause of action.

Police Department's failure to promptly investigate her reports of breaking and entering, to establish a prima facie case Erickson must demonstrate that (1) the Newark Police Department deprived her of a federal right, and (2) acted under color of state law in doing so. *See Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). With respect to prong one, Erickson alleges that the Newark Police did in fact conduct an investigation, although she complains that it took them three weeks to do so. (Compl. 4 (referring to police reports and the collection of fingerprints)) These facts state no basis for a constitutional claim premised on a failure to investigate. *See Batista v. City of Perth Amboy*, 2020 WL 1329980, at *8-9 (D.N.J. Mar. 23, 2020).

Finally, to the extent the Complaint raises a cause of action relating to Erickson's inhospitable living conditions, such dispute regarding landlord-tenant matters – barring an application of supplemental jurisdiction – does not belong in federal court. *See Hous. Auth. of City of Bayonne v. Hanna*, 2009 WL 1312605, at *2-3 (D.N.J. May 11, 2009). Complaints against a landlord do not raise a federal question; rather, they belong in state landlord-tenant court.

### III.   Conclusion

For the reasons stated above, the complaint is DISMISSED without prejudice upon initial screening pursuant to 28 U.S.C. § 1915(e). An appropriate order accompanies this opinion.
Dated: October 26, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**